## ROBERT CUNNINGHAM *vs.* HENRY HOBART.

Under a declaration alleging a contract of sale with the defendant alone, and a sale to him alone, evidence of such a contract with him alone, and a sale to him and another jointly, is inadmissible.

At the hearing of the plaintiff's exceptions to a ruling of the court of common pleas that there was a variance between the declaration and the proof, it is too late to amend so as to cure the variance.

ACTION OF CONTRACT. The declaration alleged that the defendant made a contract with the plaintiff for the purchase of his stable stock, for $2,500, and the further sum of $150 if the defendant should take a partner, and carry on the stable business and do pretty well at it. It then averred the sale, and that the defendant took a partner, and did pretty well at the business, and so owed the sum of $150. Answer, that the sale was by a bill of sale in writing, and was for $2,500, which sum had been paid.

At the trial in the court of common pleas, the defendant produced a bill of sale of the plaintiff's stable stock to the defendant and Abner L. Fiske jointly, and also a mortgage from the defendant and Fiske to secure to the plaintiff the sum of

$1,250, part of the consideration of the sale; and objected to the introduction of parol evidence of the contract between the parties.

The plaintiff stated that he proposed to prove that he made an oral contract to sell the defendant the stable stock for $2,500, and the further sum of $150 if he should take a partner and do well; that, after this contract, the defendant came out of the stable where the stock was, and when near it, and in sight of it, said to a third person, that he had just bought the stable stock of the plaintiff, and repeated the terms of the sale; that the defendant afterwards made an arrangement to sell one half of the stock to Fiske, and take him as a partner; that the plaintiff and defendant and Fiske met together, to have the writings drawn and executed, when the defendant and Fiske requested that the bill of sale should be made to both, to which the plaintiff assented, and it was accordingly so made; that afterwards, at the same interview, the defendant, to the plaintiff's request for security for the $150, answered that that was his private matter, and he would adjust it; and that the property remained in the plaintiff's possession until after the execution of the papers.

*Byington*, J., being of opinion that this evidence, taken in connection with the written contract, would not show a sale to the defendant alone, rejected the evidence. A verdict was returned for the defendant, and the plaintiff alleged exceptions.

*A. Churchill*, for the plaintiff.

*E. Wilkinson*, for the defendant.

In this court, the plaintiff moved for leave to amend his declaration, in case the court should be of opinion that there was a variance between the declaration and the offer of proof.

METCALF, J. The plaintiff's declaration alleges a contract with the defendant alone, and a sale to him alone, and sets out the terms and consideration of that contract and sale. To entitle the plaintiff to recover for a breach of that contract, it is necessary that he should sustain his declaration by proof of such a contract and sale as is therein alleged.

At the trial, a bill of sale was produced, which showed that the actual sale and transfer of the property, which the plaintiff

had contracted to sell to the defendant only, was sold and transferred by the plaintiff to the defendant and Fiske, and not to the defendant alone. And the proof was, that the defendant and Fiske paid and secured to the plaintiff a part of the consideration, namely, the sum of twenty five hundred dollars.

The parol testimony, which was rejected, was offered for the purpose of showing a sale different from that which is alleged in the declaration, to wit, for the purpose of proving a sale and transfer, to the defendant and Fiske, of the plaintiff's stable stock, for twenty five hundred dollars, and a promise, by the defendant alone, to pay therefor a further sum of one hundred and fifty dollars, on taking Fiske into partnership. Under the declaration filed by the plaintiff, this testimony was inadmissible, because it tended to prove a contract and sale different from that which the declaration alleged. It is on this ground of a variance between the allegations and the offered proof, that the ruling of the judge must be sustained.

Probably an amendment of the declaration would have been allowed, if it had been asked for at the trial. But it is too late to amend now, after a verdict has been returned for the defendant, under a ruling which was correct as the pleadings then stood. *Exceptions overruled.*